## Rich v. Dougherty

*Henry J. Rutherford* and *McNees, Wallace & Nurick,* for plaintiff.

*Anne X. Alpern,* Attorney General, and *Elmer T. Bolla,* Deputy Attorney General, for defendant.

SHELLEY, J., April 11, 1960.—Plaintiff, Henry S. Rich, filed a complaint in mandamus against Charles M. Dougherty, Secretary of Revenue of the Commonwealth of Pennsylvania, asking this court to enter judgment against defendant commanding him to exercise his discretion to determine whether plaintiff is capable of operating a motor vehicle with ordinary and reasonable control. In the complaint plaintiff alleges that on October 9, 1957, a learner's permit entitling plaintiff to operate a motor vehicle was issued to him under the provisions of The Vehicle Code of May 1, 1929, P. L. 905, as amended. The Code of 1929 was subsequently repealed by The Vehicle Code of April 29, 1959, P. L. 58, which became effective on July 1, 1959.

The complaint further alleges that on December 30, 1957, plaintiff was ordered by the Director of the Bureau of Highway Safety of the Department of Revenue of the Commonwealth of Pennsylvania to return the permit and as a basis for the request cited section 604, paragraphs (*a*) and (*b*) of The Vehicle Code of 1929, supra, 75 PS §164, which provides:

"(a) An operator's license or learner's permit shall not be issued to any person under the following conditions: . . .

"7. When afflicted with, or suffering from, a physical or mental disability or disease, or from a weakness or disability in vision or hearing which, in the opinion of the secretary, will prevent such person from exercising reasonable and ordinary control over a motor vehicle or tractor.

"(b) Physical disability includes the loss of the use of both hands."

On June 9, 1959, and prior to the effective date of the Code of 1959, supra, defendant was advised by the Secretary of Revenue that because of physical disability plaintiff's application for an operator's license was rejected.

Plaintiff alleges in his complaint that as a result of an attack of poliomyelitis he has lost the use of his right hand and has only partial use of his left hand and that he, plaintiff, has purchased a specially constructed motor vehicle with foot controls for steering the automobile that enabled him to exercise reasonable and ordinary control of said vehicle and to operate it with as great safety to persons and property as a conventionally constructed motor vehicle with hand steering controls.

It does not appear from the complaint that plaintiff has made any effort whatsoever to obtain either an operator's license or beginner's permit since July 1, 1959, the effective date of the Code of 1959, supra, and there is therefore nothing before the Secretary of Revenue requiring or compelling the Secretary to exercise a discretion.

Plaintiff avers in his complaint that he is a resident of Marietta Borough, Lancaster County. It therefore follows that if he has been deprived of any legal rights under the Act of 1959, supra, his remedy is an appeal to the common pleas court of the county wherein he resides, which as he alleges in his complaint is Lan-

caster County. Section 620 of the Code of 1959, supra, provides as follows:

"Any person, whose operator's license or learner's permit has been suspended, or who has been deprived of the privilege of applying for an operator's license or learner's permit under the provisions of this act, shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the court of common pleas of the county in which the operator or permittee resides, . . .

"Any party aggrieved by a decision of a court of common pleas . . . shall have a right of appeal to the Superior Court. . . ."

It is this provision of the Code of 1959, supra, which is the basis for defendant raising the question of the jurisdiction of this court under the Rules of Civil Procedure. See Pa. R. C. P. 1017(*b*) (1) and 1097.

It is apparent that plaintiff has chosen the remedy of mandamus to circumvent an appeal as provided by section 620 of the Act of 1959, supra. The provisions of section 620 of the Code of 1959, supra, are identical with those of section 616 of the Code of 1929, supra, as amended. Under section 616 of the Code of 1929, supra, it was held in Jarnutowski Appeal, 15 D. & C. 2d 245, that the court of common pleas has no authority under section 616 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, to entertain an appeal from the refusal of the Secretary of Revenue to issue an operator's license to one who has lost both hands. The distinction between the actual loss of two hands and the loss of use of the hands is a distinction without a difference.

The Code of 1959 gives to plaintiff the remedy of appeal as set forth above and if any of his legal rights have been violated, he must pursue that remedy and cannot avail himself of mandamus.

We are of the opinion and hold that this court does not have jurisdiction of the matter set forth in the

complaint and for that reason do not deem it necessary to pass upon the other preliminary objections to the complaint.

### Order

And now, April 11, 1960, defendant's preliminary objections to plaintiff's complaint are sustained and the complaint is dismissed at plaintiff's costs.